# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | CIVIL NO. 1:17-CV-844 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL, TABB BICKELL, STEVE GLUNT, ROBERT MARSH, LYNN PATRONE, ERIC TICE, CHISM, ASHLEY SHOPE,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On May 12, 2017, plaintiff Damont Hagan ("plaintiff"), an inmate presently incarcerated at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Smithfield"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). Preliminary review of the complaint reveals that plaintiff includes unrelated claims against individuals employed at SCI-Smithfield and the Department of Corrections ("DOC"). Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

I.   **Standards**

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

II.  **Discussion**

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. The complaint includes several separate and unrelated claims against eight different defendants. Plaintiff first alleges that he was inappropriately assigned to a Behavioral Management Unit in violation of DOC policy. (Doc. 1, at 4-9). He asserts that he was approved for the Secure Residential Treatment Unit, to which he agreed, but defendant Marsh subsequently assigned him to a Behavioral Management Unit. (Id.) Plaintiff claims that Behavioral Management Unit programs are only available at SCI-Smithfield and SCI-Frackville. (Id. at 5).

2

Plaintiff expresses a strong unwillingness to be housed at SCI-Smithfield or SCI-Frackville due to prior conflicts at said institutions. (Id. at 6-8).

Plaintiff next lodges a series of complaints against several individuals at SCI-Smithfield. (Doc. 1, 10-14). Plaintiff alleges that he has been subjected to constant bright light in his cell, correctional officers paid a fellow inmate to assault him, he was subjected to unnecessary actions during strip searches, urine was sprayed in front of his cell, his toilet was not flushed, chemicals were sprayed on his housing unit, he was forced "to live . . . around urine and feces," staff members attempted to spend the money in his inmate account, correctional officers and hearing examiners "depriv[ed] [him] of misconduct hearings," he was warned to stop filing grievances, he was denied the opportunity to testify as a witness in a fellow inmate's trial, he was assaulted on numerous occasions, he was encouraged to sexually assault a female, he was instructed to show his genitals to correctional officers, he was deprived of food trays, and his legal documents were destroyed. (Id.)

The claims set forth in the complaint do not arise out of the same transaction or occurrence or series of transactions or occurrences. Each concerns a separate, unrelated incident. Moreover, the claims do not involve an issue of law or fact common to all defendants. While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the

3

complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e et seq., which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

### III. <u>Conclusion</u>

Although plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint.  To the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 19, 2017